FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 26, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LISA RENEE G., | NO: 2:18-CV-00239-FVS |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 12 and 13. This matter was submitted for consideration without oral argument. The Plaintiff is represented by Attorney Dana C. Madsen.

_____

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER ~ 1

The Defendant is represented by Special Assistant United States Attorney Lars J. Nelson. The Court has reviewed the administrative record, the parties' completed briefing, and is fully informed. For the reasons discussed below, the Court **GRANTS** Defendant's Motion for Summary Judgment, ECF No. 13, and **DENIES** Plaintiff's Motion for Summary Judgment, ECF No. 12.

## JURISDICTION

Plaintiff Lisa Renee G.[2] filed for supplemental security income and disability insurance benefits on September 29, 2015, alleging an onset date of January 31, 2013. Tr. 196-204. Benefits were denied initially, Tr. 131-34, and upon reconsideration, Tr. 136-40. A hearing before an administrative law judge ("ALJ") was conducted on February 24, 2017. Tr. 36-72. Plaintiff was represented by counsel and testified at the hearing. *Id.* The ALJ denied benefits, Tr. 13-32, and the Appeals Council denied review. Tr. 1. The matter is now before this court pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

---

[2] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER ~ 2

Plaintiff was 48 years old at the time of the hearing. Tr. 233. She graduated from high school and completed four years of college. Tr. 45, 238. She was in an abusive relationship three years prior to the hearing, and at the time of the hearing she lived with a friend "most of the time." Tr. 41-42, 49-51, 57. Plaintiff has work history as a bookkeeper, cashier, receptionist, lube tech, stocker, and telemarketer. Tr. 44-48, 63-64. She testified that she could not work because of panic attacks, anxiety, and PTSD. Tr. 41, 48-49.

Plaintiff testified that she has daily panic attacks that last from a few minutes to a few hours, depression, nightmares, PTSD, and anxiety. Tr. 52, 59. She testified that medication helps "a little bit" with her mental health symptoms. Tr. 53. Plaintiff reported that she is unable to drive, unable to grocery shop, does no housework or laundry, and doesn't leave her room aside from helping with cooking "once in a while." Tr. 54-58, 63.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id*. (quotation and

ORDER ~ 3

citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in

ORDER ~ 4

any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more

ORDER ~ 5

severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the

Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 31, 2013, the alleged onset date. Tr. 18. At step two, the ALJ found that Plaintiff has the following severe impairments: major depressive disorder, generalized anxiety disorder with social phobia, posttraumatic stress disorder (PTSD), alcohol dependence/abuse, hypertension, asthma/chronic obstructive pulmonary disease, and minimal cervical degenerative disc disease and scoliosis. Tr. 19. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 19. The ALJ then found that Plaintiff has the RFC

to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). She can lift and carry twenty pound[s] occasionally, ten pounds frequently. She can stand and/or walk six hours in an eight-hour workday and sit six hours in an eight-hour workday. She can perform no more than frequently climbing of ramps and stairs, balancing, crouching, crawling, kneeling, and stooping. She must never perform climbing of ladders, ropes, or scaffolds. She must avoid concentrated exposure to pulmonary irritants and must have no exposure to unprotected heights, dangerous moving machinery and commercial driving. She is limited to no more than simple routine tasks that do not involve more than brief superficial contact with the general public and that would not require the performance of tandem teamwork endeavors with coworkers throughout the workday.

Tr. 21. At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. Tr. 25. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: office cleaner, small parts assembler, and mail clerk. Tr. 26-27. On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from January 31, 2013, through the date of this decision. Tr. 27.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II of the Social Security Act and supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 12. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly considered Plaintiff's symptom claims; and

2. Whether the ALJ properly considered the medical opinion evidence.

///

## DISCUSSION

### A. Plaintiff's Symptom Claims [3]

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that his impairment could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal

---

[3] Plaintiff concedes that she "does not challenge the ALJ's finding that she is limited to light work"; rather, she "argues that the ALJ did not correctly assess [Plaintiff's] mental impairments and that the ALJ's conclusions are not supported by substantial evidence." ECF No. 14 at 1. Thus, the Court declines to address Plaintiff's claimed physical limitations, and will confine the analysis to Plaintiff's claimed mental impairments.

ORDER ~ 9

citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Here, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record" for several reasons. Tr. 22.

### 1. Lack of Objective Medical Evidence

First, the ALJ noted that "the record, as a whole does not document longitudinal objective medical findings of abnormality or other evidence that supports a conclusion of total disability under the Social Security Act." Tr. 22. An ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947

ORDER ~ 10

F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). However, the medical evidence is a relevant ant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. § 404.1529(c)(2).

Here, the ALJ set out the medical evidence contradicting Plaintiff's claims of disabling mental limitations during the relevant adjudicatory period. For example, the ALJ noted that despite "waxing and waning in symptoms," the overall record indicates that Plaintiff's mental health symptoms were "generally stable," with examination findings of normal speech, normal eye contact, and proper orientation. Tr. 22, 358-60, 370, 377, 380, 419, 436, 491, 532, 538, 560, 584, 618, 629. Moreover, as noted by the ALJ, Plaintiff's "providers found her with normal thought processes, normal thought content, and appropriate affect throughout" the adjudicatory period. Tr. 22-23, 332, 359, 367, 374, 382, 383-86, 402, 408, 415, 495, 499, 503, 507, 528-29, 552, 566, 623.

Plaintiff fails to identify or challenge this reasoning in his opening brief; thus, the Court may decline to consider this issue. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). Regardless, the Court's review of the ALJ's decision indicates that Plaintiff's treatment records were considered in their entirety, including evidence that at times during the relevant adjudicatory period Plaintiff presented with panic disorder, anxiety, and depression. Tr. 22-25. Based on the foregoing, and regardless of evidence that could be interpreted more favorably to Plaintiff, it was reasonable for the ALJ to

ORDER ~ 11

find the severity of Plaintiff's symptom claims was inconsistent with medical evidence during the relevant adjudicatory period. "[W]here evidence is susceptible to more than one rational interpretation, it is the [Commissioner's] conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). The lack of corroboration of Plaintiff's claimed limitations by the medical evidence was a clear, convincing, and unchallenged reason for the ALJ to discount Plaintiff's symptom claims.

### 2. *Exaggeration and Inconsistent Statements*

Second, the ALJ noted that Dr. John Arnold, the examining psychologist, observed that Plaintiff's "statements suggested some embellishment on her part and her comments about her alcohol consumption was inconsistent with the treatment records of evidence. Accordingly, Dr. Arnold noted that his examination of [Plaintiff] was 'generally' but not wholly valid due to her probable embellishment at times." Tr. 22-23 (citing Tr. 395). The tendency to exaggerate provides a permissible reason for discounting Plaintiff's reported symptoms. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). Moreover, conflicting statements about substance abuse may support an ALJ's "negative conclusions about [Plaintiff's] veracity." *Thomas,* 278 F.3d at 959; *see also Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (in evaluating symptom claims, the ALJ may utilize ordinary evidence-evaluation techniques, such as considering prior inconsistent statements).

First, the Court declines to address Plaintiff's inconsistent statements about her substance use because the issue was not raised with specificity in Plaintiff's briefing. *Carmickle*, 533 F.3d at 1161 n.2. Second, Dr. Arnold specifically found that "[i]n summary, [the test results are] judged a generally valid and reliable sample of [Plaintiff's] current psychological functioning with some apparent minimization and probable embellishment at times." ECF No. 12 at 17 (citing Tr. 395). However, as noted by Plaintiff, "[e]ven with that qualification," Dr. Arnold opined that she had moderate to severe limitations in her ability to sustain concentration, maintain stamina, work under time pressure, interact with others, handle feedback, and respond to change. Tr. 396. Thus, Plaintiff contends that "it would not be appropriate for the ALJ to discount Dr. Arnold's opinion based upon statements in his report taken out of context." ECF No. 12 at 18.

However, Plaintiff does not specifically challenge the ALJ's rejection of Dr. Arnold's opinion, and the Court's review of the record indicates that the ALJ does not rely on evidence of exaggeration as a reason to discount Dr. Arnold's opinion. *See* Tr. 24. Rather, in the context of evaluating Plaintiff's symptom claims, the Court finds it was permissible for the ALJ to rely on Dr. Arnold's findings in the "credibility" section of his evaluation that Plaintiff's test scores indicated "probable embellishment at times." Tr. 395; *Tonapetyan*, 242 F.3d at 1148. This tendency to exaggerate was a clear and convincing, and largely unchallenged, reason for the ALJ to discount Plaintiff's symptom claims.

///

ORDER ~ 13

### 3. *Daily Activities*

Third, the ALJ found that Plaintiff's

> treatment records have failed to support the persistency of her allegations. For example, while [Plaintiff] reports that she is unable to sustain at tasks due to her panic attacks and anxiety, notably, her treatment records have shown that she has remained capable of performing a numerous degree of tasks, such as interacting with friends, applying for appropriate financial assistance, attending doctor's appointments, and living in numerous locations. In fact, while [Plaintiff] testified that she never leaves her room, never performs household chores, never shops in stores, and never drives, she acknowledged on her Functional Report and to her providers that she shops in stores, cooks, cleans and drives when necessary.

Tr. 25, 258-59, 329, 377, 380, 396, 535, 554, 558, 601. A claimant need not be utterly incapacitated in order to be eligible for benefits. *Fair*, 885 F.2d at 603; *see also Orn*, 495 F.3d at 639 ("the mere fact that a plaintiff has carried on certain activities . . . does not in any way detract from her credibility as to her overall disability."). Regardless, even where daily activities "suggest some difficulty functioning, they may be grounds for discrediting the [Plaintiff's] testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113.

As an initial matter, the Court notes that Plaintiff did not identify or challenge this reason in her opening brief. *See Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (the Court may not consider on appeal issues not "specifically and distinctly argued" in the party's opening brief). In her reply brief, Plaintiff argues that the activities outlined by the ALJ in support of this finding were "limited"; and "[s]ince [Plaintiff] was homeless, [she] would have no choice other than to do

couch surfing, live with ex-husband and his girlfriend and live with her daughter and son and girlfriend." ECF No. 14 at 8-9. However, regardless of evidence that could be viewed more favorably to Plaintiff, it was reasonable for the ALJ to conclude that Plaintiff's documented activities and social functioning, including her ability to sustain tasks and interact with people, was inconsistent with her allegations of incapacitating mental limitations. Tr. 28-29; *Molina*, 674 F.3d at 1113 (Plaintiff's activities may be grounds for discrediting Plaintiff's testimony to the extent that they contradict claims of a totally debilitating impairment); *See Burch*, 400 F.3d at 679 (where evidence is susceptible to more than one interpretation, the ALJ's conclusion must be upheld). This was a clear and convincing reason to discredit Plaintiff's symptom claims.

### 4. Failure to Comply with Treatment

Fourth, while not identified by either party, the ALJ found that "[a]dditionally limiting [Plaintiff's] testimony is the fact that despite her allegations of severity, [Plaintiff] has never required inpatient treatment for her mental conditions, has often gone months or years without any treatment at all." Tr. 25. The ALJ also noted that in September 2015, Plaintiff acknowledged to Dr. Arnold that she had not been in counseling for the past two years. Tr. 23, 395. Unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment may be the basis for an adverse credibility finding unless there is a showing of a good reason for the failure. *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007). This was a clear, convincing, and entirely unchallenged

ORDER ~ 15

reason for the ALJ to discount Plaintiff's symptom claims. *See Kim*, 154 F.3d at 1000 (the Court may not consider on appeal issues not "specifically and distinctly argued" in the party's opening brief).

### 5. *Improvement*

Finally, the ALJ noted that "despite waxing and waning," Plaintiff's symptoms improved with treatment. Tr. 22-23. The effectiveness of medication and treatment is a relevant factor in determining the severity of a claimant's symptoms, 20 C.F.R. § 404.1529(c)(3), 416.929(c)(3); *see Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (Conditions effectively controlled with medication are not disabling for purposes of determining eligibility for benefits) (internal citations omitted); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (a favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations). In support of this finding, the ALJ cited several instances in which Plaintiff reported improvement or "stability" in symptoms after undergoing treatment, including medication. Tr. 22-23 (citing Tr. 358, 370, 380, 386, 436).

However, after considering the evidence offered by the ALJ to support the finding that Plaintiff's symptoms "proved greatly aided by her counseling and medication compliance," the Court finds the ALJ appeared to rely almost entirely on portions of the record that favored the ultimate rejection of Plaintiff's symptom claims. *See Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) (an ALJ "cannot reach a conclusion first, and then attempt to justify it by ignoring

ORDER ~ 16

competent evidence in the record that suggests an opposite result"). For example, while Plaintiff did report she was doing "a little better," and her anxiety attacks "decreased overall" in February 2013, subsequent records in 2013 included ongoing reports of anxiety, panic attacks, depression. Tr. 358-79. Likewise, the ALJ found that "within months" of beginning counseling in 2015, her symptoms were "greatly aided by her counseling and medication compliance." Tr. 23. However, the only records cited by the ALJ in support of this finding were Plaintiff's intake note in October 2015, and one subsequent record in January 2016, in which Plaintiff reported her anxiety was stable but her mental health symptoms still "wax and wane." Tr. 23 (citing Tr. 436, 635). As noted by Plaintiff, and not specifically considered by the ALJ, records throughout 2015 and 2016 indicate that Plaintiff continued to experience panic attacks, depression, and anxiety. ECF No. 14 at 3-4 (citing Tr. 573-75, 585-88, 597-99, 608-11, 617-18, 625-26, 630, 640-41).

For the foregoing reasons, the Court finds the ALJ did not offer substantial evidence to support rejecting Plaintiff's symptom claims due to sustained improvement in her mental health symptoms across the overall record. However, even assuming the ALJ erred in this reasoning, any error is harmless because, as discussed above, the ALJ's ultimate rejection of Plaintiff's symptom claims was supported by substantial evidence. *See Carmickle*, 533 F.3d at 1162-63.

The Court concludes that the ALJ provided clear and convincing reasons, supported by substantial evidence, for rejecting Plaintiff's symptom claims.

### B. Medical Opinions

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (9th Cir. 2009) (quotation and citation omitted).

Plaintiff argues that "[i]nstead of relying upon the opinions of the psychologists that evaluated [Plaintiff] and relying upon the statements of her counselors and doctors that treated her, the ALJ has improperly relied exclusively

on non-examining sources." ECF No. 12 at 19. As an initial matter, the Court notes that the only opinions in the record, aside from the state agency reviewing opinions, were two separate assessments by examining psychologist Dr. John Arnold. Tr. 329-33, 393-96. Plaintiff fails to identify or challenge the ALJ's rejection of Dr. Arnold's opinions in her opening brief. *Carmickle*, 533 F.3d at 1161 n.2 (the Court may decline to address an issue not raised with specificity in the opening brief). In her reply brief, Plaintiff generally contends that the ALJ did not have specific and legitimate reasons to discount Dr. Arnold's opinion. ECF No. 14 at 9. However, at no point does Plaintiff "specifically and distinctly" identify or challenge any of the ALJ's reasons for discounting Dr. Arnold's opinion. *See Kim*, 154 F.3d at 1000 (the Court may not consider on appeal issues not "specifically and distinctly argued" in the party's opening brief). Despite Plaintiff's waiver, the Court will review the ALJ's findings regarding Dr. Arnold's opinions.

In March 2014, Dr. Arnold opined that Plaintiff had marked limitations in her ability to perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances without special supervision, and complete a normal workday and workweek without interruptions from psychologically based symptoms. Tr. 23-24, 331. The ALJ gave no weight to Dr. Arnold's "check-marked opinions" because (1) they were "not supported by appropriate medical findings documented in the longitudinal evidence of record," including objective medical evidence; (2) they were not supported by the narrative portion of Dr.

Arnold's own report; and (3) "it is a reasonable assumption that his conclusions regarding [Plaintiff's] mental limitations relied on the subjective allegations she set forth to him in support of her attempt to establish" disability. Tr. 24. These were specific, legitimate, and unchallenged reasons to reject the marked limitations opined by Dr. Arnold in March 2014. *See Tommasetti*, 533 F.3d at 1041 (ALJ may properly reject a medical opinion if it is inconsistent with the provider's own treatment notes); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (an ALJ may discount an opinion that is conclusory, brief, and unsupported by the record as a whole, or by objective medical findings); *Tommasetti*, 533 F.3d at 1041 (ALJ may reject a physician's opinion if it is based "to a large extent" on Plaintiff's self-reports that have been properly discounted).

In September 2015, Dr. Arnold opined that Plaintiff would have severe limitations in maintaining stamina, multitasking, interacting with others, and handling feedback. Tr. 24, 396. The ALJ gave this opinion little weight because (1) it "relied solely upon [Plaintiff's properly discounted] subjective allegations" which have "been diminished by evidence of inconsistency in the records," including Plaintiff's inconsistent statements about substance use; and (2) Plaintiff's "ability to live in numerous environments and obtain the resources needed in order to live successful[ly] shows a greater ability to perform tasks and be around others than [Plaintiff] acknowledges." Tr. 24. These are specific, legitimate, and unchallenged reasons to reject the severe limitations opined by Dr. Arnold in September 2015. *See Tommasetti*, 533 F.3d at 1041 (ALJ may reject a physician's

ORDER ~ 20

opinion if it is based "to a large extent" on Plaintiff's self-reports that have been properly discounted); *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999) (ALJ may discount an opinion that is inconsistent with a claimant's reported functioning).

Finally, Plaintiff argues that the ALJ erred by relying on the opinions of state agency reviewers Dr. Eugene Kester and Dr. Gary L. Nelson. ECF No. 12 at 19-20 (citing Tr. 76-85, 105-15). Dr. Kester and Dr. Nelson opined that Plaintiff "remains capable of performing simple, routine tasks, so long as she is allowed small group settings or work away from the public." Tr. 23, 83-85, 113-14. The ALJ gave these opinions great weight because they are consistent with Plaintiff's treatment records "which [have] shown" her ability to interact socially "as needed." Tr. 23. Plaintiff argues that the ALJ erred by relying on these opinions, as opposed to Dr. Arnold's opinions, because the reviewing doctors did not examine Plaintiff, and "the only knowledge that the non-examining non-treating doctors would have about [Plaintiff's] medical records would be based on reading Dr. Arnold's two reports." ECF No. 14 at 9-10. This argument is inapposite for several reasons.

First, the Court's review of Dr. Kester and Dr. Nelson's opinions indicate that they reviewed multiple treatment records from the relevant adjudicatory period, in addition to Dr. Arnold's opinions, which they only "partially adopted" because his opinions were "not fully supported by the overall evidence." Tr. 79-82, 107-111. Moreover, while an ALJ generally gives more weight to an

ORDER ~ 21

examining doctor's opinion than to a non-examining doctor's opinion, a non-examining doctor's opinion may nonetheless constitute substantial evidence if it is consistent with other independent evidence in the record. *Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir.2002); *Orn,* 495 F.3d at 632–33. Here, Dr. Kester and Dr. Nelson reviewed the available medical evidence, and as noted by the ALJ, their opined limitations were consistent with Plaintiff's treatment records and her social activities. ECF No. 13 at 10. The Court finds no error in the ALJ's consideration of Dr. Kester and Dr. Nelson's opinion.

## CONCLUSION

A reviewing court should not substitute its assessment of the evidence for the ALJ's. *Tackett*, 180 F.3d at 1098. To the contrary, a reviewing court must defer to an ALJ's assessment as long as it is supported by substantial evidence. 42 U.S.C. § 405(g). As discussed in detail above, the ALJ provided clear and convincing reasons to discount Plaintiff's symptom claims, and properly considered the medical opinion evidence. After review the court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 12, is **DENIED**.

///

///

///

2. Defendant's Motion for Summary Judgment, ECF No. 13, is

   **GRANTED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel, enter judgment in favor of the Defendant, and **CLOSE** the file.

**DATED** September 26, 2019.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge
